UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASEY COUGAR MELLENCAMP                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:07-CV-325-S

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants Louisville/Jefferson County Metro Government, Louisville Metro Department of Corrections ("Metro Corrections"), Officer Robert Vincent, and Officer Tim Dobson to dismiss the plaintiff's use of force claims brought pursuant to 42 U.S.C. § 1983 (DN 20).[1]

The plaintiff, Casey Cougar Mellencamp ("Mellencamp"), is a former inmate of Metro Corrections. Mellencamp was arrested on June 18, 2006, for disorderly conduct and public intoxication. Mellencamp was brought to Metro Corrections and alleges that while being searched, three or more officers assaulted and used physical force against him. He alleges that the assault was without cause or provocation and that the officers recklessly used excessive force in order to cause him injury. Mellencamp alleges that at no time during the assault did he either resist or attempt to resist the officers and that he suffered injuries to his right leg and ankle consisting of broken bones and bruises. Mellencamp also alleges that he was denied appropriate medical treatment for his injuries. Mellencamp has filed this action pursuant to 42 U.S.C. § 1983 asserting claims for violations of the Fourth, Eighth, and Fourteenth Amendments against Officers Vincent and Dobson for subjecting him to unconstitutional use of force and denying him medical care. Mellencamp has also asserted failure to train and

---

[1] Defendants also filed a supplemental motion to dismiss (DN 26).

unconstitutional policy and custom claims against Louisville/Jefferson County Metro Government and Metro Corrections.  Additionally, Mellencamp asserts state law claims for assault and battery, intentional infliction of extreme emotional disturbance, negligence, and gross negligence.

In connection with the incident at Metro Corrections, Mellencamp was charged with Attempted Assault in the Third Degree.[2]  Officer Vincent completed a citation in connection with the incident which stated:

> On [June 18, 2006] while searching [Mellencamp] became combative.  Inmate had to be restrained and placed on the ground.  Due to subject's actions this officer sustained an injury to right elbow causing pain and swelling.  This officer had to be transported to Jewish E[mergency] R[oom] for medical treatment.

Defendants have moved this court to dismiss Mellencamp's claims for unconstitutional use of force pursuant to doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and pursuant to principles of collateral estoppel.  Under Fed.R.Civ.P 12(b)(6), the court will grant a motion to dismiss only where the plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  *Id.* at 1965.

In *Heck* the Supreme Court stated, "[i]n order to recover damages for allegedly unconstitutional... harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

---

[2] KRS 508.025 Assault in the third degree.
(1) A person is guilty of assault in the third degree when the actor:
  (a) Recklessly, with a deadly weapon or dangerous instrument, or intentionally causes or attempts to cause physical injury to:
    1. A state, county, city, or federal peace officer;... or

  (b) Being a person confined in a detention facility, or state residential treatment facility or state staff secure facility for residential treatment which provides for the care, treatment, or detention of a juvenile charged with or adjudicated delinquent because of a public offense or as a youthful offender, inflicts physical injury upon or throws or causes feces, or urine, or other bodily fluid to be thrown upon an employee of the facility.

plaintiff must prove that the conviction or sentence has been reversed...."  According to Defendants, Mellencamp's conviction for Attempted Assault in the Third Degree has not been reversed and a finding in his favor on his claims for unconstitutional use of force against Defendants would necessarily imply the invalidity of his conviction.  The Sixth Circuit has found that where a plaintiff's assault conviction and excessive force claim are "inextricably intertwined," the excessive force claim is barred by *Heck*. *Cummings v. City of Akron*, 418 F.3d 676, 683 (6th Cir. 2005).

While it is clear that Mellencamp's unconstitutional use of force claims and his conviction are related, the court cannot conclude at this time that they are "inextricably intertwined" as required by *Cummings*.  In *Potvin v. City of Westland Police Department*, 2006 WL 3247116  (E.D.Mich. Nov. 7, 2006), the court noted that an excessive force claim is not inextricably intertwined with a conviction and thus, not barred by *Heck*, when the excessive force claim arises after the facts that gave rise to the conviction.  2006 WL 3247116 at *6.  In *Potvin*, the plaintiff pled guilty to resisting arrest.  But because the court was not presented with the record of the factual basis for the plaintiff's guilty plea the court held that it was "impossible... at this stage to determine what particular acts formed the basis for her plea." *Id.* at 9.  Accordingly, the court refused to find plaintiff's excessive force claims barred by *Heck*. *Id*; *see also Schreiber v. Moe*, 445 F.Supp.2d 799, 814 (W.D.Mich 2006) ("[t]he alleged excessive force took place well after Officer Moe subdued Schreiber and placed him in handcuffs. The alleged excessive force is separate and distinct from the altercation that gave rise to Schreiber's conviction [for assault] and the principal aspects of the excessive force claim.  A finding that Officer Moe used excessive force while Schreiber was in custody does not necessarily imply that the state court conviction arising from Schreiber's detainment was invalid."); *Warner v. McMinn County, TN*, 2007 WL 3020510, at *12 (E.D.Tenn. Oct. 11, 2007) ("[u]nder the applicable precedent, *Heck* does not bar the Plaintiff's § 1983 claims to the extent they are based on alleged excessive force applied subsequent to his resistance.").

- 3 -

Mellencamp's complaint does not make clear the particular time at which his claims for unconstitutional use of force arose.  In order to survive a motion to dismiss, however, Mellencamp need only plead enough facts to state a claim to relief that is plausible on its face.  *Twombly*, 127 S.Ct. at 1974.  Mellencamp has done so.  In response to Defendants' motions to dismiss, Mellencamp asserts that he was subjected to unconstitutional use of force well after he was restrained and placed on the ground.  The state court records relating to Mellencamp's conviction proffered by Defendants do not set forth the factual basis giving rise to Mellencamp's conviction in sufficient detail to contradict this assertion.  Thus, the court cannot conclude at this stage of the proceedings that Mellencamp's claims for unconstitutional use of force and his conviction for Attempted Assault in the Third Degree are "inextricably intertwined" such that *Heck* bars his claims.  *See Potvin*, 2006 WL 3247116, at *9.[3]  Accordingly, the court will deny Defendants' motion to dismiss.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' motion to dismiss (DN 20) and Defendants' supplemental motion to dismiss (DN 26) are **DENIED**.

**IT IS SO ORDERED.**

---

[3]Because it is unclear as to when Mellencamp's claim for unconstitutional use of force arose, the court will deny Defendants' motion to dismiss on the basis of collateral estoppel as well.  *See Warner*, 2007 WL 3020510, at *14.